IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VOICE-TEL ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOBA, INC., dba Voice-Tel of South Florida, et al., <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:01-CV-3359-TWT |

ORDER

This is an action arising out of the alleged breach of a franchise agreement. It is before the Court on various motions. Due to the Court's trial schedule and the number of motions filed by the parties, this summary Order is entered ruling on the motions. For motions where no hearing is held, the Court ordinarily issues a written order summarizing the facts of the matter and the reasons for granting or denying the motion. Due to the voluminous filings in this case and counsels' inability to agree upon anything, attempting to prepare such an order for each of the pending motions would require an inordinate amount of time in relation to the benefit to the case and the Court's other responsibilities. The Defendant JOBA, Inc.'s Motion for Reconsideration of September 1, 2002 Order on Constructive Termination Claim

Based on Findings of Arbitrator [Doc. 228] is GRANTED.  The Defendants' Motion in Limine to Exclude all Summary Evidence and Exhibits Without Proper Foundation [Doc. 239] is DENIED.  The Defendants' Motion in Limine to Exclude all Evidence of and References to "Voice-tel of South Florida" Website [Doc. 240] is DENIED.  The Defendants' Motion in Limine to Exclude All Evidence of and References to Defendants' Alleged Unauthorized Use of the Voice-Tel Intranet [Doc. 241] is DENIED.  The Defendants' Motion in Limine to Exclude All Evidence of JOBA's Alleged Non-compliance under "ES&S" Agreement [Doc. 246] is DENIED.  The Defendants' Motion in Limine to Exclude All Evidence of and References to Lezserg Litigation [Doc. 247] is DENIED.  The Defendant JOBA, Inc.'s Motion in Limine to Exclude Testimony of A. Frank Adams, III [Doc. 248] is DENIED.  The Plaintiff's Motion in Limine to Exclude Evidence and Argument Relating to August 27, 2003, "Invoice" by JOBA and Damage Claims Relating Thereto [Doc. 249] is DENIED.  The Motion to Exclude Evidence and Arguments Relating to Exemplary Damages [Doc. 250] is GRANTED.  The Motion to Exclude Evidence or Argument Relating to Claims for Alleged Breach of Fiduciary Duty [Doc. 251] is DENIED. The Plaintiff's Motion to Exclude Damages Beyond the Scope of the Franchise Agreement for System Marketing Fund Claims [Doc. 252] is DENIED.  The Motion to Exclude Defendant from Presenting Evidence Relating to the "Grand Solution" [Doc. 253] is

DENIED.  The Motion in Limine to Exclude Evidence of Arbitration of Digital Communication Services, Inc. [Doc. 254] is GRANTED.  The Motion by Plaintiffs to Exclude Evidence Regarding Shareholder Litigation or Settlement [Doc. 255] is GRANTED.  The Motion by Plaintiffs in Limine to Exclude Defendant's Exhibits Containing Inadmissible Hearsay [Doc. 256] is DENIED.  The Motion by Plaintiffs in Limine to Exclude Irrelevant or Prejudicial Evidence Proffered by Defendant [Doc. 257] is DENIED.  The Motion by Plaintiffs in Limine to Exclude Defendant's Exhibits Which Were Illegally Obtained or Otherwise Inadmissible [Doc. 258] is DENIED.  The Motion by Plaintiffs to Exclude Testimony of Janine Brown [Doc. 259] is DENIED.  The Motion to Exclude Evidence of Settlement Negotiations [Doc. 260] is DENIED.  The Motion by Plaintiffs to Exclude Defendant JOBA, Inc.'s Allegations of Constructive Termination [Doc. 261] is DENIED.  The Motion by Plaintiffs to Exclude Evidence Regarding Sales of Products Outside the Scope of the Franchise Agreement [Doc. 262] is DENIED.  The Motion by Plaintiffs to Exclude Evidence of Sales by Other Companies [Doc. 263] is DENIED.  The Motion by Plaintiffs to Exclude Testimony of Defendant's Expert James R. King [Doc. 264] is DENIED.  The Motion by Plaintiffs to Exclude False Implication of Document/Data Suppression or Spoilation by Defendants [Doc. 265] is DENIED.  The Motion by Plaintiffs for Rule 702 Hearing [Doc. 266] is DENIED.  The Motion by Plaintiffs for Special Setting of

Trial [Doc. 267] is DENIED.  The Defendant's Motion to Realign the Parties [Doc. 323-1] is DENIED.  The Motion to Reorder the Presentation of Evidence [Doc. 323-2] is DENIED.  The Defendant JOBA, Inc.'s Motion for Relief from the March 23, 2003 Order Granting Summary Judgment in Favor of Third-Party Defendants Due to Newly Discovered Evidence Withheld During the Discovery Period [Doc. 353] is DENIED. The Motion by Defendant JOBA, Inc. to Disqualify Counsel Sean Dowd for Violation of Rule 4.2 of the Rules of Professional Conduct [Doc. 359] is DENIED.  The Defendant's Motion to Strike Plaintiffs' Supplement to Consolidated Pre-trial Order [Doc. 365] is GRANTED.  The Plaintiffs' Motion to Strike Defendant's Supplement to Consolidated Pre-trial Order [Doc. 377] is GRANTED.  The Defendant JOBA's Motion to Strike All Documents Produced by Plaintiffs After the September 7, 2002 Discovery Cut-Off on Plaintiffs' Trial Exhibit List [Doc. 384] is DENIED.  JOBA, Inc.'s Motion in Limine to Exclude Testimony Regarding Random Sample and Statistical Analysis by A. Frank Adams, III [Doc. 386] is DENIED.  The Plaintiffs' Motion in Limine to Exclude Supplemental Expert Report of James King [Doc. 391] is DENIED.

    SO ORDERED, this 14 day of September, 2004.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.

United States District Judge